IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMON VICTORELL SLATER, ) | |
| #177 985, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-627-WKW |
| ) | [WO] |
| CHIEF FLOWERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, files this 42 U.S.C. § 1983 action complaining Defendants are exhibiting deliberate indifference to certain chronic medical conditions he has. Plaintiff names as defendants Chief Flowers, Nurse, K. Wilson, Dr. Darbouze, and the Alabama Department of Corrections ["ADOC"]. Upon review, the court concludes that dismissal of Plaintiff's complaint against the ADOC is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

### I. DISCUSSION

*A. ADOC*

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*,

---

[1] Plaintiff has been granted leave to proceed *in forma papueris*. Doc. # 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

465 U.S. 89 (1984). Because Plaintiff's complaint against the ADOC is "based on an indisputably meritless legal theory," this defendant is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendant Alabama Department of Corrections be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Defendant Alabama Department of Corrections be DISMISSED as a party to the complaint; and

3. This case regarding the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before October 5, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, this 21st day of September 2016.

                                          /s/Terry F. Moorer
                                          TERRY F. MOORER
                                          UNITED STATES MAGISTRATE JUDGE