IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMON VICTORELL SLATER,<br>#177 985,<br><br>    Plaintiff,<br><br>v.<br><br>CHIEF FLOWERS, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:16-CV-627-WKW<br>)                [WO]<br>)<br>)<br>) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a former inmate in the custody of the Alabama Department of Corrections, filed this complaint on July 28, 2016.[1] On August 1, 2016, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendants submitted answers and written reports on November 28, 2016, November 29, 2016, and January 17, 2017, which contained relevant evidentiary materials refuting the allegations in the complaint. Docs. 25, 26, 27, 34, 35. Upon review of this report, the court issued an order directing Plaintiff to file a response to Defendants' answers and written reports. Doc. 41. The order advised Plaintiff that his failure to respond to the reports would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 2. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time allotted Plaintiff for filing a response in compliance with the directives of the court's March 7, 2017, order expired on March 28, 2017. As of the present date, Plaintiff has

---

[1] During the pendency of this action Plaintiff was released from custody. Doc. 39.

failed to file a response in opposition to Defendants' written reports. The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate. Plaintiff's inaction in the face of Defendants' reports and evidentiary materials either refuting the claims raised or arguing a failure to exhaust administrative remedies regarding the allegations of inadequate medical care suggests he does not seek to proceed with this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed.Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice. It is further

ORDERED that **on or before June 5, 2017**, the parties may file an objection to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 18th day of May 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE